IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| COMFORT HOSPITALITY, LLC, a Washington limited liability company, | ) ) ) | No. 38843-3-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| DANIEL JAMES OVERHAUSER; and DANNY J. OVERHAUSER, LLC, a Washington limited liability company, | ) ) ) ) ) | |
| Appellants. | ) | |

PENNELL, J. — Daniel James Overhauser and Danny J. Overhauser, LLC

(collectively Daniel Overhauser) appeal from a partial summary judgment order,

interpreting an easement in favor of Comfort Hospitality, LLC. We reverse the judgment

and remand for trial.

## FACTS

The parties' easement dispute arises from a series of six adjoining commercial lots

in downtown Spokane. Originally, all six lots had one owner, a social organization called

the Brotherhood of Friends (BOF). In the 1960s, most of the eastern lots were leased to

a separate entity for purposes of construction and operation of the Trade Winds Motel.

The lease covered Lots 6, 5, and the eastern half of Lot 4. The lease allowed the motel to use the western half of Lot 4 for purposes of ingress, egress, and access to underground parking. Although not part of the written lease, the parties had a handshake agreement that the motel could use BOF's easternmost row of parking spaces.

A private investment group bought the motel's leased property from BOF in 1997. After some negotiation, the parties agreed on an easement to cover ingress, egress, and parking on the street-level lot to the west of the motel. The easement read as follows, with the grantor being BOF:

1. Grantor is the owner of the following described real property, which is referred to hereinafter as the "Benefitted Property:"

> **The East half of Lot 4 and all of Lots 5 and 6, Block 46, FIRST ADDITION TO THE TOWN OF SPOKANE FALLS, according to Plat recorded in Volume "A" of Plats, Page 7, in the City of Spokane, Spokane County, Washington.**

2. Grantor is also the owner of following described real property, which is referred to hereinafter as the "Encumbered Property:"

> **The West half of Lot 4, Block 46, FIRST ADDITION TO THE TOWN OF SPOKANE FALLS, according to Plat recorded in Volume "A" of Plats, Page 7, in the City of Spokane, Spokane County, Washington.**

3. For no monetary consideration given or received. Grantor hereby grants, conveys and reserves a perpetual non-exclusive easement over, on and across the Encumbered Property for the benefit of the Benefited

2

Property. This Easement is granted, conveyed and reserved for the benefit
of the Benefited Property for purposes of access, including ingress and
egress to and from the Benefited Property, and for parking purposes on any
parking spaces now or hereafter created on the Encumbered Property.

Clerk's Papers (CP) at 13-14.

At the time of the easement's execution up until the filing of this appeal, there has

been one row of diagonal, surface-level parking spaces straddling Lot 3 and the west side

of Lot 4. No parking spaces have ever existed solely within the western half of Lot 4. The

following is a illustrative visual aide, depicting the rough locations of the lot lines along

with existing parking.



Daniel Overhauser purchased BOF's property in 2003. At that time, the motel was in disrepair and parking was not an issue. In 2016, Comfort Hospitality purchased the motel and thereafter began renovations. This led to conflicts over access to parking on the easternmost row of spaces and the nature of the easement.

In 2018, Comfort Hospitality filed an action against Daniel Overhauser in Spokane County Superior Court for an injunction and declaratory judgment, and for damages arising from an interference with business expectancy and breach of a written easement. Comfort Hospitality claimed Mr. Overhauser breached the terms of the easement and requested the court declare its rights for access to parking. Mr. Overhauser counterclaimed, asserting Comfort Hospitality was the party in breach of the easement.

During discovery, the parties took the depositions of two individuals, Brian Balch, the attorney who drafted the 1997 easement, and Mark Pinch, part of the group that purchased the motel property and acquired the original rights in the easement.

Mr. Balch provided the following relevant testimony during his deposition:

- The easement was obtained for the purpose of parking on the property adjacent to the motel.

- The motel was utilizing parking spaces on the adjoining property and wanted to ensure it preserved the right to continue to use them.

- Mr. Balch did not know if the easement was intended to encompass all the parking spaces, but he believed that "the easement description, being that half a lot, was [ ] sufficient." *Id*. at 97-98.

- He recalled the parties seeking to clarify they had the "whole area" for parking but Mr. Balch did not recall what the area would actually be. *Id.* at 100.

  Mr. Pinch provided the following relevant information:

- The current parking spaces have existed in the same manner and location since "long before" the execution of the easement in 1997. *Id.* at 111.

- Mr. Pinch believed the easement was referring to the parking spaces that were partially on the easement.

- Motel guests historically used the parking spots not located in the easement's description.

- If a fence was erected at the easement line, it would be very difficult to have both parking and ingress and egress to the parking garage under the motel.

- The purpose of the easement was to "get clarification" and to "make sure that the parking was included in the agreement moving forward." *Id*. at 114.

- Mr. Pinch implied he understood the easement did not cover the entire easternmost row of parking spots, but the parties felt the description utilized was adequate. *Id.*

Once discovery had been conducted, the parties filed cross motions for summary judgment. After a series of hearings, the trial court ruled in favor of Comfort Hospitality on the easement issue. According to the court, the plain language of the easement would not make sense unless it covered the entirety of the easternmost row of parking. The court therefore granted partial summary judgment to Comfort Hospitality as to use of these parking spaces. The court denied the remainder of Comfort Hospitality's summary judgment motion as well as Mr. Overhauser's summary judgment motion. A formal judgment was entered the same day as the summary judgment ruling.

Mr. Overhauser timely appeals.

ANALYSIS

This court reviews de novo an order of summary judgment, engaging in the same inquiry as the trial court. *Highline Sch. Dist. No. 401 v. Port of Seattle*, 87 Wn.2d 6, 15, 548 P.2d 1085 (1976). "[S]ummary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Herskovits v. Grp. Health Coop. of Puget Sound*, 99 Wn.2d 609, 613, 664 P.2d 474 (1983) (plurality opinion). The reviewing court must draw all reasonable inferences in favor of the nonmoving party. *Id*.

The rules of contract interpretation apply to interpretation of an easement. *Pelly v. Panasyuk*, 2 Wn. App. 2d 848, 864, 413 P.3d 619 (2018). The interpretation of an easement is a mixed question of law and fact. *Id*. What the original parties intended is a question of fact, and the legal consequence of their intent is a question of law. *Id*. The intent of the original parties to an easement is determined from the deed as a whole. *Sunnyside Valley Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

Contrary to the trial court's conclusion, we find the easement ambiguous as to the parties' intent. On the one hand, the easement clearly states it burdens only the western half of Lot 4. It does not mention Lot 3. But on the other hand, the easement was granted for "purposes" of "parking" "on any parking spaces now or hereafter created." CP at 14. At the time the easement was signed (i.e. the "now" being back in 1997), the only parking spaces on Lot 4 straddled the eastern side of Lot 3.

Mr. Overhauser claims there is no ambiguity because a clear legal description of the burdened property must prevail. Mr. Overhauser cites two cases in support of his position: *Murphy v. Hendrickson*, 8 Wn. App. 2d 150, 157, 437 P.3d 736 (2019), and *Kave v. McIntosh Ridge Primary Road Association*, 198 Wn. App. 812, 820, 394 P.3d 446 (2017). Neither case is as broad as Mr. Overhauser claims. Both decisions involved claims that an easement should be adjusted beyond its original undisputed location due to

7

changes in circumstances. Here, the question is where the parties intended to locate the original easement. *Murphy* and *Kave* are unhelpful in answering this question.

When an easement is ambiguous, extrinsic evidence may be helpful in discerning the parties' intent. *Sunnyside Valley*, 149 Wn.2d at 880. Here, the parties have engaged in discovery and developed deposition testimony relevant to the original intent of the easement. However, the testimony is not dispositive as to the meaning of the easement.

In Comfort Hospitality's favor, both Mr. Pinch and Mr. Balch confirm the easement was intended to provide for parking in the disputed spaces. According to Mr. Pinch, the location of the parking spots has not changed over time. Thus, as is still true today, at the time the parties created the easement the only parking spaces on the western half of Lot 4 straddled onto Lot 3. Consistent with the easement's language, Mr. Pinch explained the purpose of the easement was for ingress, egress, and parking. However, if the easement did now allow encroachment onto Lot 3, it would be very difficult for all three purposes to be met.

In Mr. Overhauser's favor, both Mr. Pinch and Mr. Balch recognized the easement did not specifically include the disputed row of parking spaces. Mr. Pinch stated the parties "split the baby" so the parking spaces could be mutually utilized. CP at 182.

He did not explain what was meant by "splitting the baby," but he acknowledged it was unclear what BOF "would have said" if the motel had asked for a larger easement. *Id*.

There are genuine issues of material fact regarding the parties' intent in creating the easement. Furthermore, the ambiguity of the parties' intent prevents contract reformation at the summary judgment stage. The dispute in this case must be resolved by a trier of fact.

## CONCLUSION

The order on summary judgment, and judgment, are reversed. This matter is remanded for trial on the issues of contract interpretation and reformation.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Fearing, C.J.                                            Lawrence-Berrey, J.